# O'Donnell *against* Lynch.

An award of arbitrators in favour of a defendant for a certain sum has the effect of a judgment upon which an execution may issue without a *scire facias* against the plaintiff.

If there be competent evidence given on the trial of a cause which is conclusively fatal to the plaintiff's action, the court will not inquire into the alleged incompetency of other evidence, to the admission of which exception was taken.

ERROR to the Common Pleas of *Dauphin* county.

This was an action of ejectment by Charles O'Donnell against John Lynch and John Gingrich for a tract of land.

After the plaintiff had given evidence of title, the defendants

offered in evidence the record of an action of *assumpsit* by John O'Donnell, for the use of Charles O'Donnell, against Charles Carson and John M'Knight, which was referred to arbitrators, who made an award on the 17th of January 1829, of $701.17, in favour of the defendants:

To be followed by proof that the land in controversy was sold as the property of Charles O'Donnell, and a sheriff's deed given for the same.

The counsel for the plaintiff objected to this evidence, on the ground that the award of arbitrators was filed, and no judgment entered on the award. That the report being under the defalcation act could be made a lien only by a *scire facias* on the report, and was not such an entry on the award as would create a lien upon the land.

2d. That all these proceedings are since suit brought; that although the action of ejectment is a possessory remedy, the plaintiff would be entitled to a verdict for the purpose of asserting his remedy for mesne profits. The defendants said further, that they had purchased the title from the sheriff's vendee, and with this offered evidence of their purchase; under these circumstances, the court overruled the objection and admitted the evidence. To which the counsel for the plaintiff excepted.

There were several other bills of exception to the admission of evidence. But the plaintiff having given the evidence contained in the above bill, the court instructed the jury that it was fatal to the plaintiff's recovery.

*Rawn* and *M'Clure*, for plaintiff in error, argued that the award of arbitrators in favour of a defendant cannot have the effect of a judgment without a writ of *scire facias* against the plaintiff, and cited the Act of 1705, 2 *Watts* 230. The execution was therefore void, and the sale did not devest the plaintiff's title. 3 *Watts* 32; 10 *Watts* 118.

*Hamilton Alricks*, contra. The award was not under the Act of 1705, but that of 1810, which is different in its phraseology, and gives to the award the effect of a judgment. 7 *Serg. & Rawle* 468; 6 *Watts* 296. But although the proceeding may have been irregular, yet the purchaser would not be thereby affected. 8 *Watts* 416; 2 *Binn.* 40.

PER CURIAM. — If the plaintiff was not entitled to recover against such parts of the written evidence as were competently introduced, his exceptions to other parts of it can not avail him; for such parts of it could do him no further prejudice than the competent parts would do. The defendant offered the record of an action by the plaintiff, in which there was an award of $700 against him under the arbitration act, to be followed by proof that

[O'Donnell v. Lynch.]

the land was levied and sold by execution on it. This was opposed on the ground, that as the arbitrators stood in the place of a court and jury, their award of a balance against the plaintiff could not be made the foundation of an execution without *scire facias* and judgment on it, pursuant to the defalcation act; and beside, that notwithstanding the devesture of the plaintiff's title by it subsequently to the commencement of this ejectment, he might still go for damages and costs. But these objections were properly overruled, because the arbitration act gives an award ·pursuant to it the effect of a judgment; and because the evidence furnished a decisive bar to the greater part of the subject of recovery. The judge indeed afterwards charged, that as the title depended on written evidence, and the construction being for the court, he was bound to say the plaintiff could not recover; and had the plaintiff gone avowedly for damages and costs (he had not given notice of an intent to go for mesne profits) this might have been erroneous: but it is not pretended that he prayed a special instruction in this particular, or went for any thing less than the land. The other bills of exceptions are unimportant.

Judgment affirmed.